FILED
U.S. DISTRICT COURT

2006 NOV 27  A 10: 01

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANGEL RAFAEL PAZ ANEZ,<br><br>Petitioner,<br><br>vs.<br><br>VERONICA OLIVAR ZEA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER FOR RESPONDENT TO SHOW CAUSE AND GRANTING IMMEDIATE ASSISTANCE<br><br><br><br>Case No. 2:06-CV-973 TS |

This matter is before the Court on Petitioner's Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent,[1] filed November 22, 2006. This action is brought pursuant to the International Child Abduction Remedies Act (ICARA),[2] which provides for implementation and procedures regarding the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the Hague Convention).

---

[1] Docket No. 1.

[2] 42 U.S.C. §§ 11601-11611.

1

"The purpose of the Hague Convention is to secure the prompt return of children who have been wrongfully removed or retained in order that the court of the country in which the children habitually reside can make a custody determination."[3] The Hague Convention applies to cases where a child is under the age of sixteen years has been removed from his or her "habitual residence"[4] in breach of custody rights of a petitioner, who had been exercising those rights at the time of wrongful removal or retention.

This case involves the alleged unlawful removal and retention of the minor child, B.E.P.O., who is the 13-year-old child of the above-referenced parties. Petitioner claims that the "habitual residence" of the minor child was Venezuela prior to the wrongful removal/retention. He alleges that he gave permission for Respondent to travel with the minor child on vacation to Florida, but Respondent did not return with the minor child to Venezuela at the appointed time. As such, Petitioner asserts that the minor child has been missing since December 16, 2003. The minor child has apparently been located in North Salt Lake City, Utah, thus vesting this Court with jurisdiction under the above-referenced authority.

The Court finds that Petitioner has made the requisite showing to justify the issuance of an Order to Show Cause to Respondent and, further, other immediate assistance as set forth below, which shall remain in effect until further order of this Court. Although requested by Petitioner, the Court does not now issue a Writ of Assistance, finding that it must first take "all

---

[3] *Kanth v. Kanth*, 232 F.3d 901, *1 (10th Cir. 2000) (unpublished opinion).

[4] *See* The Hague Convention, Art. 4.

appropriate measures in order to obtain the voluntary return of the child."[5] Further, in light of the fact that more than one year has passed after the alleged wrongful removal or retention, the Court cannot find at this time that the child is not "now settled in [her] new environment."[6]

Based upon the above, it is hereby

ORDERED that Respondent shall appear before this Court with the minor child to show cause why this Court should not enter an order directing, among other things, the prompt return of the child to Venezuela. Respondent shall personally appear with the minor child on Wednesday, November 29, 2006, at 9:30 a.m. in Courtroom 142 of the United States Federal Courthouse, 350 South Main Street, Salt Lake City, Utah, 84101. It is further

ORDERED that Respondent shall not leave the District of Utah, and shall not remove the minor child from the District of Utah, nor allow any other person to remove her, during the pendency of this case, or until further order of this Court. Failure to comply with this directive may result in a finding of contempt of court and other penalties, including monetary fines or jail time. It is further

ORDERED that Respondent shall immediately surrender to the Court all of the minor child's travel documents and official documentation during the pendency of this case, or until further order of this Court. It is further

ORDERED that the name of the minor child shall be entered into the national police computer system (N.C.I.C.) missing person section.

---

[5] *Id.*, Art. 10.

[6] *Id.*, Art. 12.

3

SO ORDERED.

DATED November 27, 2006.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge